Filing # 242850638 E-Filed 03/02/2026 02:24:48 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

DEANNA LIVERA,                          Case No:

    Plaintiff,

v.

ENUMBER, Inc. and WALMART, Inc.,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, DEANNA LIVERA, hereby sues Defendants, ENUMBER, INC. (herein "ENUMBER") and WALMART, INC. (herein "WALMART"), and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. This cause of action is for damages which exceed fifty thousand dollars ($50,000.00), exclusive of interest, costs, and fees.

2. At all times material to this action, Plaintiff, DEANNA LIVERA, was a resident of Duval County, Florida.

3. At all times material to this action, the incident giving rise to this Complaint occurred in Duval County, Florida.

4. Defendant, WALMART, is and at all times material hereto was a company with its principal place of business in Bentonville, Arkansas and was authorized and doing business throughout the State of Florida, for which it received substantial revenue.

5. Defendant, WALMART, submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

a. Committing a tortious act within this state by selling and delivering defective products or being the corporate successor of same, including the Ktaxon Lightweight 3-Step Ladder Step Stool that is the subject of this Complaint, to persons, firms, or corporations in this state through its distributors, dealers, wholesalers, e-commerce, and brokers. Such Ktaxon Lightweight 3-Step Ladder Step Stool was used by consumers in Florida in the ordinary course of commerce and trade;

b. Conducting and engaging in substantial business and other activities in Florida by selling products or being the corporate successor of same, including the Ktaxon Lightweight 3-Step Ladder Step Stool that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, e-commerce, and brokers. Such Ktaxon Lightweight 3-Step Ladder Step Stool and other products were used by consumers in Florida in the ordinary course of commerce and trade;

c. The acts or omissions of Defendant, WALMART, caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant WALMART, engaged in solicitation activities in Florida to promote the sale, consumption, and use of ENUMBER products, including the Ktaxon Lightweight 3-Step Ladder Step Stool that is the subject of this Complaint;

d. Selling products or being the corporate successor of same, including the Ktaxon Lightweight 3-Step Ladder Step Stool that is the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida consumer or consumers; and

e. Voluntarily qualifying to conduct business in this state.

2

6. Defendant, ENUMBER, is and at all times material hereto was a company with its principal place of business in Metuchen, New Jersey and was authorized and doing business throughout the State of Florida, for which it received substantial revenue.

7. Defendant, ENUMBER, submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

   a. Committing a tortious act within this state by selling and delivering defective products or being the corporate successor of same, including the Ktaxon Lightweight 3-Step Ladder Step Stool that is the subject of this Complaint, to persons, firms, or corporations in this state through its distributors, dealers, wholesalers, e-commerce, and brokers. Such Ktaxon Lightweight 3-Step Ladder Step Stool was used by consumers in Florida in the ordinary course of commerce and trade;

   b. Conducting and engaging in substantial business and other activities in Florida by selling products or being the corporate successor of same, including the Ktaxon Lightweight 3-Step Ladder Step Stool that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, e-commerce, and brokers. Such Ktaxon Lightweight 3-Step Ladder Step Stool and other products were used by consumers in Florida in the ordinary course of commerce and trade;

   c. The acts or omissions of Defendant, ENUMBER, caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant WALMART, engaged in solicitation activities in Florida to promote the sale, consumption, and use of ENUMBER products, including the Ktaxon Lightweight 3-Step Ladder Step Stool that is the subject of this Complaint;

d. Selling products or being the corporate successor of same, including the Ktaxon Lightweight 3-Step Ladder Step Stool that is the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida consumer or consumers; and

e. Voluntarily qualifying to conduct business in this state.

8. Jurisdiction is proper pursuant to section 48.193, Fla. Stat., as the Defendants conducted business within Florida and placed the subject product into the stream of commerce with the expectation it would purchased and used in Florida.

9. Venue is proper in Duval County, Florida as the subject incident occurred, and thus the cause of action accrued, within the boundary of Duval County, Florida. See, Section 47.011 and 47.051, Fla. Stat. (2025).

**FACTUAL ALLEGATIONS**

10. On or about April 2, 2024, the Plaintiff, DEANNA LIVERA, purchased the subject Ktaxon Lightweight 3-Step Ladder Step Stool from Defendant, WALMART via e-commerce. Order number 2000117-35363155.

11. On or about April 4, 2024, the subject Ktaxon Lightweight 3-Step Ladder Step Stool was delivered to the Plaintiff's, DEANNA LIVERA, home address.

12. The subject Ktaxon Lightweight 3-Step Ladder Step Stool was designed, manufactured, marketed, distributed, and/or supplied by Defendant, ENUMBER, and sold and distributed to Plaintiff by Defendant, WALMART.

13. The subject Ktaxon Lightweight 3-Step Ladder Step Stool was intended for ordinary household use, including safely supporting a user while standing on elevated steps.

14. On or about April 19, 2024, the Plaintiff, DEANNA LIVERA, was properly using the Ktaxon Lightweight 3-Step Ladder Step Stool in a foreseeable and intended manner.

4

15. On or about April 19, 2024, while the Plaintiff, DEANNA LIVERA, was standing on the subject Ktaxon Lightweight 3-Step Ladder Step Stool during normal use, the bottom leg of the step stool suddenly fractured, broke, and collapsed without warning.

16. At the time the subject Ktaxon Lightweight 3-Step Ladder Step Stool was designed, manufactured, sold, or otherwise placed into the stream of commerce, it was defective in design and/or manufacture as to allow the Step Stool to collapse upon normal intended use, resulting in the Plaintiff falling from the Step Stool and causing severe injuries.

17. The subject Ktaxon Lightweight 3-Step Ladder Step Stool was used in a manner foreseeable and in a manner intended by Defendants, ENUMBER and WALMART. The Step Stool was dangerous when used in a foreseeable and intended manner in that it caused Plaintiff injuries.

18. Defendants, ENUMBER and WALMART, knew, or should have known, that the subject Ktaxon Lightweight 3-Step Ladder Step Stool was dangerous when it was used as intended, and it could cause harm to individuals when used in a manner for which it was designed, manufactured, distributed, and sold by Defendants, ENUMBER and WALMART.

19. The subject Ktaxon Lightweight 3-Step Ladder Step Stool was defectively, dangerously and/or negligently designed, manufactured, marketed, packaged, and sold such that it could and did cause severe injuries to consumers of the product such as Plaintiff when used in a manner intended by Defendants, ENUMBER and WALMART.

### COUNT I: NEGLIGENCE AGAINST ENUMBER

20. Plaintiff realleges paragraphs 1 though 18.

21. Defendant, ENUMBER, designed, manufactured, imported, inspected, distributed, marketed, and/or sold products, including the subject Ktaxon Lightweight 3-Step Ladder Step Stool, to the public.

22. Defendant, ENUMBER knew, or reasonable should have known, that the subject Ktaxon Lightweight 3-Step Ladder Step Stool would be used in a reasonable and intended manner and would create a foreseeable and unreasonable risk of harm to consumers, including, Plaintiff.

23. Defendant, ENUMBER, owed a duty to properly and adequately design, manufacture, assemble, import, test, inspect, label, provide adequate warnings for, package, distribute, and sell the subject Ktaxon Lightweight 3-Step Ladder Step Stool in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact or use the subject Ktaxon Lightweight 3-Step Ladder Step Stool, including Plaintiff.

24. Defendant, ENUMBER, owed a duty to use reasonable care to ensure that the design and/or manufacture of the subject Ktaxon Lightweight 3-Step Ladder Step Stool so that it would not collapse when used in foreseeable and normal circumstances.

25. Defendant, ENUMBER, breached its duty of reasonable care owed to Plaintiff in one or more of the following ways:

    a. Failing to inspect the subject Ktaxon Lightweight 3-Step Ladder Step Stool to ensure that it was reasonably safe and free from defects;

    b. Failing to adequately inspect, test, and or analyze the subject Ktaxon Lightweight 3-Step Ladder Step Stool under reasonably foreseeable conditions and circumstances such as those which occurred in the incident described herein;

    c. Designing, manufacturing, selling, and/or supplying the subject Ktaxon Lightweight 3-Step Ladder Step Stool in such a manner that it was not safe for consumers in that it would not collapse or fracture on the user under foreseeable and reasonable circumstances;

d.  Failing to properly design the subject Ktaxon Lightweight 3-Step Ladder Step Stool for safe use;

e.  Using insufficient or defective materials when designing, manufacturing, and/or supplying the subject Ktaxon Lightweight 3-Step Ladder Step Stool;

f.  Failing to provide adequate warnings and information regarding the ability of the subject Ktaxon Lightweight 3-Step Ladder Step Stool;

g.  Negligently warning or failing to warn Plaintiff of defects in the subject Ktaxon Lightweight 3-Step Ladder Step Stool, including, but not limited to, that fact that the subject Ktaxon Lightweight 3-Step Ladder Step Stool could collapse when used in a proper and foreseeable manner;

h.  Negligently marketing, promoting, advertising, and representing the subject Ktaxon Lightweight 3-Step Ladder Step Stool was safe for use and maintained a weight capacity of 330 pounds;

i.  Failing to ensure the design and/or manufacture of the subject Ktaxon Lightweight 3-Step Ladder Step Stool would not collapse or fracture when used in a reasonable and foreseeable manner;

j.  Failing to use other available feasible alternatives at the time the subject Ktaxon Lightweight 3-Step Ladder Step Stool was designed and manufactured;

k.  Failing to warn consumers of known dangers;

l.  Selling a product prone to structural collapse.

26. Defendant, ENUMBER, knew or should have known that failure of the subject Ktaxon Lightweight 3-Step Ladder Step Stool could result in serious injury.

7

27. The negligence of Defendant, ENUMBER, directly and proximately caused the incident and injuries sustained by the Plaintiff.

28. As a direct and proximate result of Defendant's, ENUMBER, negligence, the Plaintiff sustained significant injuries and damages that are permanent or continuing in nature. These damages include bodily injury, past and future medical expenses, lost wages, lost earning capacity, pain and suffering, disability, mental anguish, inconvenience, and all other available damages.

**WHEREFORE**, Plaintiff, DEANNA LIVERA, demands judgment against Defendant, ENUMBER, for damages and other relief as the Court deems just and demands a trial by jury on all issues.

<u>**COUNT II: STRICT LIABILITY AGAINST ENUMBER**</u>

29. Plaintiff realleges paragraphs 1 though 18.

30. Defendant, ENUMBER, engages in the business of designing, manufacturing, constructing, selling, and distributing the subject Ktaxon Lightweight 3-Step Ladder Step Stool and other products to the public.

31. Defendant, ENUMBER, placed the subject Ktaxon Lightweight 3-Step Ladder Step Stool into the stream of commerce with the knowledge that it would be used without inspection for defects and dangers by reasonable consumers.

32. The subject Ktaxon Lightweight 3-Step Ladder Step Stool was defectively and unreasonably dangerous to the consumer, operator, users, including Plaintiff, when sold and distributed by Defendant, ENUMBER. The defects in the subject Ktaxon Lightweight 3-Step Ladder Step Stool include, but are not limited to:

    a. The subject Ktaxon Lightweight 3-Step Ladder Step Stool failed to operate as safely as an ordinary consumer would expect;

8

b. The subject Ktaxon Lightweight 3-Step Ladder Step Stool contained defects in design and/or manufacture that rendered it unreasonably dangerous for its intended and foreseeable use;

c. The subject Ktaxon Lightweight 3-Step Ladder Step Stool failed during ordinary use due to inadequate materials, structural weakness, improper manufacturing, and/or defective assembly;

d. The subject Ktaxon Lightweight 3-Step Ladder Step Stool was designed and /or manufactured defectively in that the Step Stool's structural components, including the bottom leg assembly, lacked sufficient strength and integrity to safely support foreseeable user weight loads;

e. The subject Ktaxon Lightweight 3-Step Ladder Step Stool design posed a risk of danger to users that outweighed the benefits of that design; and

f. The subject Ktaxon Lightweight 3-Step Ladder Step Stool lacked adequate warnings, stickers, guidelines, or notice to alert users of the hazardous conditions.

33. At the time the Defendant, ENUMBER, released the subject Ktaxon Lightweight 3-Step Ladder Step Stool into the stream of commerce, the subject Ktaxon Lightweight 3-Step Ladder Step Stool was unreasonably dangerous to users and bystanders, including Plaintiff, when used in an ordinary and foreseeable manner.

34. On or about April 2, 2024, the subject Ktaxon Lightweight 3-Step Ladder Step Stool was substantially unchanged from its condition when sold and distributed by Defendant, ENUMBER.

9

35. On or about April 4, 2024, the subject Ktaxon Lightweight 3-Step Ladder Step Stool was substantially unchanged from its condition when sold and distributed by Defendant, ENUMBER.

36. On or about April 19, 2024, the subject Ktaxon Lightweight 3-Step Ladder Step Stool was substantially unchanged from its condition when sold and distributed by Defendant, ENUMBER.

37. As a direct and proximate result of said defects in the subject Ktaxon Lightweight 3-Step Ladder Step Stool, the Plaintiff sustained significant injuries and damages that are permanent or continuing in nature. These damages include bodily injury, past and future medical expenses, lost wages, lost earning capacity, pain and suffering, disability, mental anguish, inconvenience, and all other available damages.

**WHEREFORE**, Plaintiff, DEANNA LIVERA, demands judgment against Defendant, ENUMBER, for damages and other relief as the Court deems just and demands a trial by jury on all issues.

## <u>COUNT III: NEGLIGENCE AGAINST WALMART</u>

38. Plaintiff realleges paragraphs 1 though 18.

39. Defendant, WALMART, designed, manufactured, imported, inspected, distributed, marketed, and/or sold products, including the subject Ktaxon Lightweight 3-Step Ladder Step Stool, to the public.

40. Defendant, WALMART, knew, or reasonable should have known, that the subject Ktaxon Lightweight 3-Step Ladder Step Stool would be used in a reasonable and intended manner and would create a foreseeable and unreasonable risk of harm to consumers, including, Plaintiff.

41. Defendant, WALMART, owed a duty to properly and adequately design, manufacture, assemble, import, test, inspect, label, provide adequate warnings for, package, distribute, and

10

sell the subject Ktaxon Lightweight 3-Step Ladder Step Stool in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact or use the subject Ktaxon Lightweight 3-Step Ladder Step Stool, including Plaintiff.

42. Defendant, WALMART, owed a duty to use reasonable care to ensure that the design and/or manufacture of the subject Ktaxon Lightweight 3-Step Ladder Step Stool so that it would not collapse when used in foreseeable and normal circumstances.

43. Defendant, WALMART, breached its duty of reasonable care owed to Plaintiff in one or more of the following ways:

   a. Failing to inspect the subject Ktaxon Lightweight 3-Step Ladder Step Stool to ensure that it was reasonably safe and free from defects;

   b. Failing to adequately inspect, test, and/or analyze the subject Ktaxon Lightweight 3-Step Ladder Step Stool under reasonably foreseeable conditions and circumstances such as those which occurred herein;

   c. Failing to remove the subject Ktaxon Lightweight 3-Step Ladder Step Stool from the stream of commerce;

   d. Designing, manufacturing, selling, and/or supplying the subject Ktaxon Lightweight 3-Step Ladder Step Stool in such a manner that it was not safe for consumers in that it would not collapse or fracture on the user under foreseeable and reasonable circumstances;

   e. Failing to properly design the subject Ktaxon Lightweight 3-Step Ladder Step Stool for safe use;

f.  Using insufficient or defective materials when designing, manufacturing, and/or supplying the subject Ktaxon Lightweight 3-Step Ladder Step Stool;

g.  Failing to provide adequate warnings and information regarding the ability of the subject Ktaxon Lightweight 3-Step Ladder Step Stool;

h.  Negligently warning or failing to warn Plaintiff of defects in the subject Ktaxon Lightweight 3-Step Ladder Step Stool, including, but not limited to, that fact that the subject Ktaxon Lightweight 3-Step Ladder Step Stool could collapse when used in a proper and foreseeable manner;

i.  Negligently marketing, promoting, advertising, and representing the subject Ktaxon Lightweight 3-Step Ladder Step Stool was safe for use and maintained a weight capacity of 330 pounds;

j.  Failing to ensure the design and/or manufacture of the subject Ktaxon Lightweight 3-Step Ladder Step Stool would not collapse or fracture when used in a reasonable and foreseeable manner;

k.  Failing to use other available feasible alternatives at the time the subject Ktaxon Lightweight 3-Step Ladder Step Stool was designed and manufactured;

l.  Failing to warn consumers of known dangers;

m.  Selling a product prone to structural collapse.

44. The negligence of Defendant, WALMART, directly and proximately caused the incident and injuries sustained by the Plaintiff.

45. As a direct and proximate result of Defendant's, WALMART, negligence, the Plaintiff sustained significant injuries and damages that are permanent or continuing in nature. These damages include bodily injury, past and future medical expenses, lost wages, lost earning

12

capacity, pain and suffering, disability, mental anguish, inconvenience, and all other available damages.

**WHEREFORE**, Plaintiff, DEANNA LIVERA, demands judgment against Defendant, WALMART, for damages and other relief as the Court deems just and demands a trial by jury on all issues.

## COUNT IV: STRICT LIABILITY AGAINST WALMART

46. Plaintiff realleges paragraphs 1 through 18.

47. Defendant, WALMART, engages in the business of designing, manufacturing, constructing, selling, and distributing the subject Ktaxon Lightweight 3-Step Ladder Step Stool and other products to the public.

48. Defendant, WALMART, placed the subject Ktaxon Lightweight 3-Step Ladder Step Stool into the stream of commerce with the knowledge that it would be used without inspection for defects and dangers by reasonable consumers.

49. The subject Ktaxon Lightweight 3-Step Ladder Step Stool was defectively and unreasonably dangerous to the consumer, operator, users, including Plaintiff, when sold and distributed by Defendant, WALMART. The defects in the subject Ktaxon Lightweight 3-Step Ladder Step Stool include, but are not limited to:

    a. The subject Ktaxon Lightweight 3-Step Ladder Step Stool failed to operate as safely as an ordinary consumer would expect;

    b. The subject Ktaxon Lightweight 3-Step Ladder Step Stool contained defects in design and/or manufacture that rendered it unreasonably dangerous for its intended and foreseeable use;

13

c.  The subject Ktaxon Lightweight 3-Step Ladder Step Stool failed during ordinary use due to inadequate materials, structural weakness, improper manufacturing, and/or defective assembly;

d.  The subject Ktaxon Lightweight 3-Step Ladder Step Stool was designed and /or manufactured defectively in that the Step Stool's structural components, including the bottom leg assembly, lacked sufficient strength and integrity to safely support foreseeable user weight loads;

e.  The subject Ktaxon Lightweight 3-Step Ladder Step Stool design posed a risk of danger to users that outweighed the benefits of that design; and

f.  The subject Ktaxon Lightweight 3-Step Ladder Step Stool lacked adequate warnings, stickers, guidelines, or notice to alert users of the hazardous conditions.

50. On or about April 2, 2024, the subject Ktaxon Lightweight 3-Step Ladder Step Stool was substantially unchanged from its condition when sold and distributed by Defendant, WALMART.

51. On or about April 4, 2024, the subject Ktaxon Lightweight 3-Step Ladder Step Stool was substantially unchanged from its condition when sold and distributed by Defendant, WALMART.

52. On or about April 19, 2024, the subject Ktaxon Lightweight 3-Step Ladder Step Stool was substantially unchanged from its condition when sold and distributed by Defendant, WALMART.

53. At the time the Defendant, WALMART, released the subject Ktaxon Lightweight 3-Step Ladder Step Stool into the stream of commerce, the subject Ktaxon Lightweight 3-Step Ladder

14

Step Stool was unreasonably dangerous to users and bystanders, including Plaintiff, when used in an ordinary and foreseeable manner.

54. As a direct and proximate result of said defects in the subject Ktaxon Lightweight 3-Step Ladder Step Stool, the Plaintiff sustained significant injuries and damages that are permanent or continuing in nature. These damages include bodily injury, past and future medical expenses, lost wages, lost earning capacity, pain and suffering, disability, mental anguish, inconvenience, and all other available damages.

**WHEREFORE**, Plaintiff, DEANNA LIVERA, demands judgment against Defendant, WALMART, for damages and other relief as the Court deems just and demands a trial by jury on all issues.


DEMAND FOR JURY TRIAL: WHEREFORE, the Plaintiff demands a trial by jury of all issues so triable.


Respectfully Submitted this 2nd day of March 2026.


*/s/ Vincent J. Leuzzi, Esq.*
Vincent J. Leuzzi, Esq.
FL Bar No.: 1024756
Bichler & Longo, PLLC
541 S. Orlando Ave. Suite 310
Maitland, FL 32751
(407) 599-3777
vleuzzi@bichlerlaw.com
Attorney for Plaintiff

15